IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATIONAL INDUSTRIES FOR THE BLIND;

BOSMA INDUSTRIES FOR THE BLIND, INC.; and

WINSTON-SALEM INDUSTRIES FOR THE BLIND, INC.,

                *Plaintiffs,*

   v.

THE DEPARTMENT OF VETERANS AFFAIRS;

DAVID SHULKIN, in his official capacity as SECRETARY OF THE DEPARTMENT OF VETERANS AFFAIRS; and

UNITED STATES OF AMERICA,

                *Defendants,*

   and

PDS CONSULTANTS, INC.

                *Movant for Intervention.*

No. 17-cv-992 (KBJ)

## PDS CONSULTANTS, INC.'S MOTION TO INTERVENE AND STATEMENT OF POINTS AND AUTHORITIES

    Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 24(a), PDS Consultants, Inc. ("PDS") moves to intervene as a matter of right in the above-captioned action.[1]  Under

---

[1] Prior to filing this motion, counsel for PDS attempted to confer by phone with Plaintiffs' counsel, as required by LCvR 7(m).  On June 2, 2017, undersigned counsel left a voicemail for Plaintiffs' lead counsel, but as of the date of this filing, Plaintiffs' counsel has not indicated whether Plaintiffs consent to this Motion.

FRCP 24(a)(2), PDS has the right to intervene because it has a direct interest related to the subject matter of this action—the U.S. Department of Veterans Affairs' ("VA") policies regarding procurement priorities for veteran-owned small businesses—and such interest is unrepresented by other parties to the case.

PDS is a service-disabled, veteran-owned small business listed as verified in the Vendor Information Pages database to receive contract awards under the Veterans First Contracting Program. Since approximately 1998, PDS has provided the VA with vision-related products and services throughout the United States. PDS is one of at least two small business concerns owned and controlled by veterans that will submit bids or offers to the VA in response to the VA's needs in the vision-related market. PDS has the capability to offer these products and services at reasonable prices to the VA. PDS's business opportunities are directly impacted by the Class Deviation issued by the VA in March 2017 and any successful challenge thereto, such as the challenge now being presented by Plaintiffs.

PDS's direct interest in the immediate case is further demonstrated by the fact that PDS has a related case pending in the U.S. Court of Federal Claims, *PDS Consultants, Inc. v. United States*, No. 16-cv-01063, which prompted the VA's corrective action that the Plaintiffs challenge in the immediate case. As such, any ruling in this action could impede PDS's ability to protect its interests. PDS would suffer actual injury should the VA's Class Deviation issued in March 2017 be invalidated, so PDS has standing to intervene in this action.

## BACKGROUND

The Veterans Benefits, Health Care, and Information Technology Act of 2006, Pub. L. No. 109-461, 120 Stat. 3403-3468 ("VBA"), codified, in relevant part, at 38 U.S.C. §§ 8127-8128, established the Veterans First Contracting Program and requires the VA to set aside certain

contracts for small business concerns owned and controlled by veterans, when "procuring goods and services pursuant to a contracting preference under [Title 38] or any other provision of law." The U.S. Court of Federal Claims proclaimed in *Angelica Textile Services, Inc. v. United States*, 95 Fed. Cl. 208 (2010), and *PDS Consultants, Inc. v. United States*, No. 16-cv-01063 (Opinion and Order, issued May 30, 2017), that for VA procurements, the VBA trumps the Javits-Wagner-O'Day Act (now referred to as the AbilityOne program), another priority procurement statute that favors the blind and severely disabled.  The U.S. Supreme Court has reiterated that the VBA set-aside requirement is mandatory in *Kingdomware Technologies, Inc. v. United States*, 136 S. Ct. 1969, 1976 (2016).

In direct response to an action filed by PDS in the U.S. Court of Federal Claims, the VA issued a revised Class Deviation on March 1, 2017 "to amend the implementation of the Veterans First Contracting Program (VFCP) consistent with the decision of the United States Supreme Court." Class Deviation (Revised), Department of Veterans Affairs (March 1, 2017), at 1. In relevant part, this Class Deviation modified the VA Acquisition Regulations to give priority to veteran-owned small businesses when procuring supplies and services, including those added to the AbilityOne Procurement List since January 7, 2010, but gives AbilityOne priority for those supplies and services originally added to the AbilityOne Procurement List prior to January 7, 2010. In the immediate case, Plaintiffs have challenged the Class Deviation as arbitrary and capricious, and contrary to law under the Administrative Procedure Act.

## **ARGUMENT**

PDS is entitled to intervene as a matter of right in this case.  This Court has articulated a four-prong test for intervention of right as follows:

> Rule 24(a)(2) permits parties to intervene in a pending action if (1) the motion to intervene is timely; (2) the movant "claims an interest

>relating to the property or transaction that is the subject of the action"; (3) the movant "is so situated that disposition of the action may as a practical matter impair or impede the movant's ability to protect its interest"; and (4) the movant's interest is not adequately represented by existing parties.

*Assoc. Dog Clubs of N.Y. State v. Vilsack*, 44 F. Supp. 3d 1, 3 (D.D.C. 2014).  Additionally, individuals must demonstrate they have standing under Article III of the U.S. Constitution to intervene.  *Id.* at 3-4.

1. **PDS Has Standing to Intervene in This Action**

An intervenor must suffer an "injury in fact" to have standing under Article III: "an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical."  *Id.* at 4 (quoting *Lujan v. Defenders of Wildlife*, 560 U.S. 555, 560-61 (1992)).  "Harm caused to an organization's programs by the invalidation of a rule is no less concrete or demonstrable than the same harm caused by an agency's failure to enforce a rule."  *Id.* at 5.  Additionally, standing requires the injury to be traceable to action by a party before the court, and that a favorable decision is likely to redress the injury.  *Id.* at 4.

If Plaintiffs are successful in invalidating the March 2017 Class Deviation, it would cause injury in fact to PDS's legal rights and economic interests.  PDS is a service-disabled, veteran-owned small business providing vision-related supplies and services to the VA, entitled to priority in VA procurements under the VBA and subsequent case law set forth in *Kingdomware Technologies, Angelica Textile,* and *PDS Consultants*.  PDS currently holds contracts with the VA that could be affected by the Court's decision in this case.  Likewise, PDS can and will submit offers and bids to future VA procurements. If Plaintiffs are successful in challenging and invalidating the VA's Class Deviation, PDS's legal rights to priority in VA procurements would suffer.  PDS thus has standing under Article III to intervene in this action.

4

### 2. PDS's Motion Is Timely

This Court has held 14 days between Complaint and Motion to Intervene to be "clearly timely." *Vilsack*, 44 F. Supp. 3d at 5-6. Plaintiffs filed their Complaint in this action on May 24, 2017, and PDS became aware of the action the following day. This Motion was filed just 13 days after the Complaint was filed, and PDS thus meets the timely filing requirement in FRCP 24(a).

### 3. PDS Is an Interested Party

In the D.C. Circuit, demonstrating Article III standing also satisfies the FRCP 24(a)(2) requirement that a movant claim an interest in the property or transaction that is the subject of the lawsuit. *Id.* at 6. As explained above, the Court's decision in this case will impact PDS's legal rights and economic interests, and PDS meets the test for Article III standing. PDS thus satisfies the second prong of the test for intervention of right.

### 4. The Disposition of This Action Could Impair PDS's Ability to Protect Its Interests

Where vacating a new agency rule would impede the movant's interests, regardless of the possibility to reverse an unfavorable ruling through future litigation, the third prong of the test for intervention is met. *See id.* at 6. The Class Deviation challenged here gives priority to veteran-owned small businesses for procuring supplies and services from the VA. Plaintiffs' successful challenge to that rule would partially remove that priority benefit, harming PDS. Thus, PDS has an interest in the subject of the action such that disposing of this action would impair PDS's ability to protect its interests.

### 5. PDS's Interests Are Not Represented or Protected by Other Parties

To show a movant's interests are not represented, a "movant need only show that the current representation may be inadequate. As a result, this Circuit "often conclude[s] that governmental entities do not adequately represent the interests of aspiring intervenors." *Vilsack*,

44 F. Supp. 3d at 6 (internal citations and quotation marks omitted).  In this case, neither the government Defendants nor the Plaintiffs represent the interests of PDS.  PDS has unique legal and economic interests as a service-disabled, veteran-owned small business.  Plaintiffs' interest in obtaining priority for AbilityOne is in direct conflict with PDS's interest in maintaining priority for veteran-owned small businesses under the VBA.  The government's interest in upholding its Class Deviation does not contemplate protecting the economic and legal interests of the businesses impacted by its Class Deviation.  Moreover, one of the plaintiffs, Winston-Salem Industries for the Blind, and the Defendants are already adverse to PDS in the parallel litigation currently pending at the U.S. Court of Federal Claims.  Therefore, PDS must be allowed to intervene to protect its particular interest in this case – interests that none of the existing parties will actively defend.

## CONCLUSION

PDS seeks to intervene so that it may adequately protect its legal and economic interests and stay apprised of the record in this litigation.  For these and the other aforementioned reasons, PDS respectfully requests that the Court grant its Motion to Intervene.

Dated: June 6, 2017

Respectfully submitted,

SHEPPARD MULLIN RICHTER & HAMPTON LLP

s/ Keeley A. McCarty
David S. Gallacher (DC Bar No. 476696)
Emily S. Theriault (application to Court bar pending)
Keeley A. McCarty (DC Bar No. 1015584)
2099 Pennsylvania Avenue NW, Suite 100
Washington, DC 20006-6801
Telephone (202) 747-1900
Facsimile (202) 747-1901
Email: kmccarty@sheppardmullin.com

*Counsel for PDS Consultants, Inc.*